UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MATTHEW HEMKER, )
)
Plaintiff, )
) No. 4:08-CV-00139 CEJ
vs. )
)
ST. LOUIS SCIENCE CENTER, )
et al., )
)
Defendants. )

**MEMORANDUM AND ORDER**

This matter is before the Court on the plaintiff's motion to remand this action to the Twenty-Second Judicial Circuit Court of Missouri (City of St. Louis), from which it was removed. Defendants oppose the motion, and the issues are fully briefed.

I.  **Background**

On August 4, 2006, plaintiff visited the St. Louis Science Center where he rented a Segway vehicle. While plaintiff was riding the Segway in nearby Forest Park, the vehicle stopped abruptly, throwing plaintiff to the ground and causing him serious injury. Plaintiff alleges in the complaint that he signed a release purporting to insulate the Science Center from liability for any injuries received in connection with the use of the Segway. Plaintiff asserts, however, that this release is not valid and enforceable under Missouri law.

In the petition, plaintiff asserts claims against Segway for product liability (Count I), and strict liability (Count II); and against Segway and the Science Center for breach of warranty (Count

III), consumer fraud (Count IV), common law fraud (Count V), and negligence and recklessness (Count VI). Plaintiff is a citizen of Missouri. Defendant Segway, Inc., a citizen of New Hampshire and Delaware, and the Science Center is a citizen of Missouri.

Defendant Segway removed the action to this Court on January 30, 2008, on the basis that the Science Center was fraudulently joined to defeat diversity jurisdiction, and complete diversity of citizenship exists between plaintiff and defendant Segway.[1] Defendant asserts that plaintiff's negligence claim against the Science Center fails because he the release plaintiff executed bars any recovery from the Science Center for negligence. Defendant also argues that the plaintiff's claims for breach of warranty, consumer fraud, and common law fraud fail to state a claim.

Plaintiff asserts that the petition states a colorable claim for negligence against the Science Center, that the Science Center is properly joined, and that this Court lacks jurisdiction and should remand the action to state court. Plaintiff does not respond to the defendant's other arguments.

**II. Legal Standard**

---

[1] The Science Center did not join in the notice of removal and has not filed a pleading in this action. Although removal generally requires the consent of all defendants, there is a judicially created exception for parties who are fraudulently joined, because "removal in those cases is based on the contention that no other proper defendant exists." Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993). Thus, Segway was not required to obtain consent from the Science Center before filing the notice of removal.

"A civil action brought in a state court may be removed to the proper district court where the district courts have original jurisdiction." 28 U.S.C. § 1441; <u>Manning v. Wal-Mart Stores East, Inc.</u>, 304 F.Supp.2d 1146 (E.D. Mo. 2004). Original jurisdiction exists in all civil actions between persons of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1) (2004). Such an action is removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b).

"Removal will not be defeated by collusive or fraudulent joinder of a resident defendant." <u>Manning</u>, 304 F.Supp.2d at 1148. Joinder is fraudulent if the complaint does not state a cause of action against the defendant under governing state law. <u>Id</u>., <u>citing</u> <u>Filla v. Norfolk Southern Ry. Co.</u>, 336 F.3d 806, 810 (8th Cir. 2003); <u>and</u> <u>Iowa Public Service Co. v. Medicine Bow Coal Co.</u>, 556 F.2d 400, 406 (8th Cir. 1977). If there is a "'colorable' cause of action - that is, if the state law *might* impose liability on the resident defendant under the facts alleged - then there is no fraudulent joinder." <u>Filla</u>, 336 F.3d at 810 (original emphasis). The district court's task thus is limited to determining "whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." <u>Id</u>. at 811. In making that prediction, the Court must "resolve all facts and ambiguities in the controlling substantive law in the plaintiff's favor." <u>Id</u>.

3

"The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied." Manning, 304 F.Supp.2d at 1148. "Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand." Id. "In deciding whether joinder is fraudulent, the court may not step from the threshold jurisdictional issue into a decision on the merits." Id., citing Boyer v. Snap-On Tools Corp., 913 F.2d 108, 112 (3d Cir. 1990).

If the "sufficiency of the complaint against the non-diverse party is questionable, the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide." Filla, 336 F.3d at 811.

If the resident defendant is properly joined, there is no complete diversity, the Court lacks subject-matter jurisdiction, and the action must be remanded. 28 U.S.C. § 1447(c); Filla, 336 F.3d at 811.

**III. Discussion**

The parties dispute whether the release is enforceable, and also dispute whether the release, if valid, deprives the plaintiff of a cause of action for negligence against the Science Center.

Defendant asserts that the release is enforceable, and thus plaintiff's cause of action against the Science Center for negligence is barred under Missouri law.

Plaintiff asserts that the release that plaintiff executed is not a bar to an action under Missouri law, but an affirmative

defense. Plaintiff argues that the petition states a colorable claim for negligence against the Science Center. He further claims that the release itself would likely be found invalid by a Missouri court, and the enforceability of the release under Missouri law is a matter best left to a Missouri court.

Under Missouri law, release is an affirmative defense. See Rule 55.08, Mo. R. Civ. P.; and Caballero v. Stafford, 202 S.W.3d 683, 694 (Mo. Ct. App. 2006), citing Dresser Industries, Inc. v. Page Petroleum, Inc., 853 S.W.2d 505, 508 (Tex. 1993). Release is also raised as an affirmative defense in the federal courts. Rule 8(c)(1), Fed. R. Civ. P.

The Court finds that plaintiff has stated a colorable claim for negligence against the Science Center, and a Missouri court might impose liability on the Science Center based on the facts alleged. The enforceability of the release and the effect of the affirmative defense of release upon the case are matters appropriate for consideration by a Missouri court. The Court thus finds that remand is required.

Because the Court finds that remand is required on Count VI, it does not consider the alternative arguments regarding the other counts. The Court is without jurisdiction to rule on the defendant's motion to dismiss or the plaintiff's motion to stay the briefing schedule on that motion, and does not consider those motions.

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiff's motion to remand [# 8] is **granted.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall remand this action to the Twenty-Second Judicial Circuit Court of Missouri (City of St. Louis), from which it was removed.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 7th day of May, 2008.